*E-FILED - 5/13/13*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOSEPH CAMPOS ALEXANDER, III,<br><br>   Plaintiff,<br><br>   v.<br><br>SANTA CLARA POLICE DEPARTMENT, et al.,<br><br>   Defendants. | No. C 13-0308 RMW (PR)<br><br>ORDER DISMISSING CASE WITH LEAVE TO AMEND |

   Plaintiff, a pre-trial detainee proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

   A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

Case 5:13-cv-00308-RMW   Document 7   Filed 05/13/13   Page 2 of 6

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff appears to make general claims that he was illegally detained by the police, not given his Miranda rights, assaulted on the elevator by police officers, and denied medical attention. Plaintiff also alleges several trial errors.

The complaint has several deficiencies that require an amended complaint to be filed. First, the complaint has several claims that do not appear to be properly joined. Plaintiff's claims range from an allegation of excessive force to a violation of his right against self-incrimination. In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. The bottom line is that plaintiff cannot complain in his amended complaint about unrelated incidents during his imprisonment. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended complaint, they will be dismissed. Plaintiff may file a separate complaint of his claim(s) arising out of a different transaction, occurrence, or series of transactions.

In addition, the complaint does not comply with the requirement that the averments be "simple, concise, and direct." For example, one of plaintiff's claims potentially states an excessive force claim if he can sufficiently plead his allegations. The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, plaintiff has not provided the court with the sufficient information necessary to determine whether an Eighth Amendment claim for

relief has been stated against any defendant.  "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56, (2007) (citations omitted).  A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face." Id at 570.

In this case, plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim.  Plaintiff will be granted leave to amend to allege specifics.  In his amended complaint, he must establish legal liability of each person for the claimed violation of his rights.  Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability).  Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Leer, 844 F.2d at 634.

In sum, plaintiff's allegations fail to specifically state what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation.  Without this basic information, the plaintiff's case must be dismissed. The complaint need not be long.  In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.  Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

1       Plaintiff is also advised that, if he is being held on pending criminal charges, any civil
2 rights claims which might "impugn an anticipated future conviction cannot be brought until
3 conviction occurs and is set aside." <u>Wallace v. Kato</u>, 549 U.S. 384, 393 (2007).  In other words,
4 if plaintiff files a § 1983 claim related to rulings that likely will be made in a pending or
5 anticipated criminal trial, it is within the power of the district court, and accords with common
6 practice, to stay the civil action until the criminal case or the likelihood of a criminal case is
7 ended. <u>Id.</u> at 393-94.

## CONCLUSION

      For the foregoing reasons, the court hereby orders as follows:

    1.       Plaintiff's complaint is DISMISSED with leave to amend.

    2.       If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 13-0308 RMW (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

    3.       Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

    4.       It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: 5/13/13

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.13\Alexander308dwla.wpd    5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J CAMPOS ALEXANDER III, | Case Number: CV13-00308 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| SANTA CLARA POLICE DEPT. et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 13, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Joseph Campos Alexander PFN# EMB-728
12055548 & 12007358
885 North San Pedro Street
San Jose, CA 95110

Dated: May 13, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk